UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

REGIONS BANK, an Alabama
banking corporation,

    Plaintiff,

v.                                                               Case No.: 8:16-cv-2867-T-23AAS

MARVIN I. KAPLAN, and individual;
et al.,

    Defendants.
_____/

## ORDER

        Before the Court is Defendants' Motion to Seal Confidential Documents Pursuant to Agreed Protective Order (Doc. 135) and Plaintiff's response thereto (Doc. 139). Defendants move for an order permitting them to file under seal the following exhibits filed as attachments to Defendants' Motion for Summary Judgment (Doc. 134):

    • Exhibit A. Chase Bank Statement and Wire Transfer Form;

    • Exhibit B. Wells Fargo Bank Statement;

    • Exhibit C. Quickbooks entries; and

    • Exhibit D. Composite Invoices and check.

        Defendants seek to file the above-listed documents under seal because they contain financial information or were designated as "confidential" pursuant to an Agreed Protective Order. (Doc. 34-1). Pursuant to this Court's Local Rules, the proponent of a motion to seal must include: (i) an identification and description of each item proposed for sealing; (ii) the reason that filing each item is necessary; (iii) the reason for sealing each item; (iv) the reason that a means other than sealing is unsatisfactory to preserve the interest advanced by the motion to seal; (v) a

statement of the proposed duration of the seal; and (vi) a memorandum of law.  *See* Local Rule 1.09(a), M.D. Fla.  The relevant rule also states: "Unless otherwise ordered by the Court for good cause shown, no order sealing any item pursuant to this section shall extend beyond one year, although a seal is renewable by a motion that complies with (b) of this rule, identifies the expiration of the seal, and is filed before the expiration of the seal."  *See* Local Rule 1.09(c), M.D. Fla.

The Court acknowledges that Defendants have enumerated the documents to be sealed, but Defendants have not shown why any of the documents should be sealed and have not provided the other relevant information required by Local Rule 1.09.[1]  Plaintiffs' conclusory assertion that the documents are subject to a protective order is insufficient to justify shielding these documents from the public.  *See McCaskill v. Navient Sols., Inc.*, No. 8:15-CV-1559-T-33TBM, 2016 WL 7406649, at *1 (M.D. Fla. Feb. 19, 2016); *see also Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992) ("Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but is also the public's case.").

Accordingly and upon consideration, it is **ORDERED** that Defendants' Motion to Seal Confidential Documents Pursuant to Agreed Protective Order (Doc. 135) is **DENIED without prejudice** to refiling an appropriate motion in compliance with the Local Rules.

**DONE AND ORDERED** in Tampa, Florida on this 11th day of December, 2017.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

---

[1] In addition, Defendants' Motion appears not to comply with Local Rule 1.05(a), M. D. Fla., which requires that filings be double-spaced.