UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

REGIONS BANK, an Alabama
banking corporation,

    Plaintiff,

v.                                         Case No.: 8:16-cv-2867-T-23AAS

MARVIN I. KAPLAN, and individual;
et al.,

    Defendants.
_____/

## ORDER

Before the Court is Plaintiff's Consent Motion to Seal Certain Summary Judgment Evidence Designated as Confidential Pursuant to Agreed Protective Order (Doc. 132). Plaintiff moves for an order permitting it to file under seal the following exhibits to Plaintiff's Motion for Summary Judgment (Doc. 130):

    • Exhibit E. October 16, 2012 e-mail string between M. Kaplan and Advanta attaching documents relating to IRA restructuring;

    • Exhibit F. October 12, 2012 e-mail between M. Kaplan and Advanta discussing IRA restructuring;

    • Exhibit H. October 9-16, 2012 e-mail string among M. Kaplan, M. Kaplan's counsel, and Advanta discussing and attaching documents relating to IRA restructuring (ADV00694-701); and

    • Exhibit J. List of MIKA assets as of January 14, 2015 (ADV00030).

In its motion, Plaintiff contends that Exhibit J should be filed under seal because it contains confidential financial information. Plaintiff posits that filing Exhibits E, F and H under seal is not justified, but is submitting the issue to the Court because Defendants labeled these documents "confidential" during discovery. (Doc. 132). Therefore, the Court took the matter under

1

advisement and directed Plaintiff to forward the documents to the undersigned for *in camera* review. (Doc. 136). In addition, the Court invited Defendants to supplement the record with any additional argument or support for their position that these exhibits should be filed under seal. (*Id.*). Thereafter, Plaintiff submitted the documents for *in camera* review, and Defendants filed a response to the motion. (Doc. 140). Essentially, Defendants argue, in a general and conclusory fashion, that these exhibits contain personal financial information and private emails subject to protection under the Agreed Protective Order entered in this action. (*Id.*).

As an initial matter, "[t]hough a stipulated protective order may provide that documents designated as confidential are presumptively protected, a party's calling a document confidential pursuant to a protective order does not make it so when it comes to filing the document with the court." *Joao Bock Transaction Sys., LLC v. Fidelity Nat. Info. Servs., Inc.*, Case No. 3:13-cv-223-J-32JRK, 2014 WL 279656, at *1 (M.D. Fla. Jan. 24, 2014); *see also Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992) (holdings that the parties' agreement to seal court documents "is immaterial" to the public's right of access).

Federal Rule of Civil Procedure 5.2(d) allows a court to order a filing be made under seal. As to the process by which a party may request filings be under seal, Middle District of Florida Local Rule 1.09(a) requires:

> a party seeking to file under seal any paper or other matter in any civil case shall file and serve a motion, the title of which includes the words "Motion to Seal" and which includes (i) an identification and description of each item proposed for sealing; (ii) the reason that filing each item is necessary; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (v) a statement of the proposed duration of the seal; and (vi) a memorandum of legal authority supporting the seal. The movant shall not file or otherwise tender to the Clerk any item proposed for sealing unless the Court has granted the motion required by this section.

Strict adherence to this Court's procedure for a party requesting that documents be filed under seal is necessary because"'[t]he common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process.'" *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (quoting *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001)). "The common law right of access may be overcome by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" *Romero*, 480 F.3d at 1246 (quoting *Chicago Tribune Co.*, 263 F.3d at 1309). As a case shifts from the discovery period to adjudication on the merits by way of summary judgment motions or trial, the Court's balancing of a party's right to confidentiality of its records and the public's right of access also shifts. Stated another way, although there is no common law right to obtain discovery material, a party that submits documents in connection with a motion for summary judgment puts the information into the public domain and triggers greater public right of access. *Alvey v. Gualtieri*, No. 8:15-cv-1861-T-33MAP, 2016 WL 4129273, at *2 (M.D. Fla. Aug. 3, 2016) (citing *Diaz-Granados v. Wright Med. Tech., Inc.*, No: 6:14-cv-1953-Orl-28TBS, 2016 WL 1090060, at *3 (M.D. Fla. Mar. 21, 2016)).

Defendants' blanket assertion that the subject exhibits contain confidential business or financial information is insufficient to show good cause for sealing the filings. *Aldora Aluminum & Glass Prod., Inc. v. Poma Glass & Specialty Windows, Inc.*, No. 3:14-CV-1402-J-34JBT, 2016 WL 7666128, at *2 (M.D. Fla. June 13, 2016). Importantly, Defendants have failed to identify any injury they will suffer if the information is made public. *Id.* After reviewing the documents and the parties' briefing, the Court concludes that Defendants have not met their burden of

providing the Court with good cause sufficient to support that any of these four exhibits should be filed under seal in contravention of the public's right of access to court records.

Accordingly and upon consideration, it is **ORDERED** that Plaintiff's Consent Motion to Seal Certain Summary Judgment Evidence Designated as Confidential Pursuant to Agreed Protective Order (Doc. 132) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on this 11th day of December, 2017.

AMANDA ARNOLD SANSONE
United States Magistrate Judge