UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

REGIONS BANK, an Alabama
banking corporation,

    Plaintiff,

v.    Case No.: 8:16-cv-2867-T-23AAS

MARVIN I. KAPLAN, and individual;
et al.,

    Defendants.
_____/

## ORDER

Defendants Marvin Kaplan, Kathryn Kaplan, R1A Palms, LLC, Triple Net Exchange, LLC, MK Investing, LLC, BNK Smith, LLC, and MIK Advanta, LLC (collectively, "Kaplan Defendants"), request to file under seal the following exhibits to Defendants' Motion for Summary Judgment (Doc. 134):

Exhibit A. Chase Bank Statement and Wire Transfer Form;

Exhibit B. Wells Fargo Bank Statement;

Exhibit C. Quickbooks entries;

Exhibit D. Composite Invoices and check; and

Exhibit E. Annual Report of Advanta IRA 2013.

(Doc. 145). The request to seal Exhibits A through D was previously denied without prejudice. (Doc. 135). At the court's request, the Kaplan Defendants submitted Exhibits A through E for *in camera* review.

As previously stated in this action, "[t]hough a stipulated protective order may provide that documents designated as confidential are presumptively protected, a party's calling a document

1

confidential pursuant to a protective order does not make it so when it comes to filing the document with the court." (Docs. 141, 142) (citing *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992) (holdings that the parties' agreement to seal court documents "is immaterial" to the public's right of access) and *Joao Bock Transaction Sys., LLC v. Fidelity Nat. Info. Servs., Inc.*, Case No. 3:13-cv-223-J-32JRK, 2014 WL 279656, at *1 (M.D. Fla. Jan. 24, 2014)).

Federal Rule of Civil Procedure 5.2(d) authorizes a court to permit parties to file documents under seal. Middle District of Florida Local Rule 1.09(a) requires the following process for a party to request that filings be under seal:

> a party seeking to file under seal any paper or other matter in any civil case shall file and serve a motion, the title of which includes the words "Motion to Seal" and which includes (i) an identification and description of each item proposed for sealing; (ii) the reason that filing each item is necessary; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (v) a statement of the proposed duration of the seal; and (vi) a memorandum of legal authority supporting the seal. The movant shall not file or otherwise tender to the Clerk any item proposed for sealing unless the Court has granted the motion required by this section.

Strict adherence to this court's procedure is necessary because"'[t]he common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process.'" *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (quoting *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001)). "The common law right of access may be overcome by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" *Romero*, 480 F.3d at 1246 (quoting *Chicago Tribune Co.*, 263 F.3d at 1309).

As a case shifts from the discovery period to the adjudication on the merits by way of summary judgment motions or trial, the court's balancing of a party's right to confidentiality of its records and the public's right of access also shifts. Although there is an exception to the public right of access for discovery material, a party's use of documents as evidence at summary judgment or trial puts the information into the public domain unless the party can show good cause for keeping the information confidential. *Alvey v. Gualtieri*, No. 8:15-cv-1861-T-33MAP, 2016 WL 4129273, at *2 (M.D. Fla. Aug. 3, 2016) (citing *Diaz-Granados v. Wright Med. Tech., Inc.*, No. 6:14-cv-1953-Orl-28TBS, 2016 WL 1090060, at *3 (M.D. Fla. Mar. 21, 2016)).

The Kaplan Defendants have not demonstrated good cause for shielding these five exhibits from the public's right of access. This case concerns the alleged improper movement of assets by judgment debtors. These financial records are not inherently immune from being filed in the public record and will not be sealed absent a showing of good cause. *See Rasmussen v. Cent. Florida Council Boy Scouts of Am., Inc.*, No. 6:07-CV-1091-ORL-19GJK, 2010 WL 11508114, at *3 (M.D. Fla. Jan. 22, 2010) (denying request to seal bank records). Having reviewed the documents *in camera*, the Kaplan Defendants may partially redact any financial account numbers in compliance with Rule 5.2(a) and the court's Administrative Procedures for Electronic Filing, but there is not good cause to shield from disclosure any other portions of Exhibits A through E in the face of the presumptive right of public access.

Accordingly, it is **ORDERED** that Kaplan Parties' Renewed Motion to Seal Confidential Documents Pursuant to Agreed Protective Order and in Support of Defendants' Motion for Summary Judgment and Response to Regions' Motion for Summary Judgment (Doc. 145) is **DENIED**.

**ORDERED** in Tampa, Florida on this 10th day of January, 2018.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge