UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

REGIONS BANK, an Alabama
banking corporation,

    Plaintiff,

v.                                      Case No.: 8:16-cv-2867-T-23AAS

MARVIN I. KAPLAN, and individual;
et al.,

    Defendants.
_____/

## ORDER

Defendants Marvin Kaplan, Kathryn Kaplan, R1A Palms, LLC, Triple Net Exchange, LLC, MK Investing, LLC, BNK Smith, LLC, and MIK Advanta, LLC (collectively, "Kaplan Defendants"), request the court renew the sealing of certain documents. (Doc. 154). Specifically, the Kaplan Defendants request that Exhibits A-D, I, K, L, N, P-Z, AA-HH, JJ, MM-OO, and transcripts from Marvin Kaplan's trial testimony (collectively, the "subject documents"), filed in support of Regions Bank's Motion for Preliminary Injunction (Docs. 35, 36), remain under seal.

### I.    BACKGROUND

On January 31, 2017, the court entered an order granting Regions Bank's request to seal certain documents filed in connection with its motion for preliminary injunction. (Doc. 38). The order provided that the sealing "shall not extend beyond one year, but the parties may move the court to extend this timeframe by, prior to the expiration of this Order, filing a motion pursuant to Local Rule 1.09(c), M.D. Fla." (*Id.*). On January 31, 2018, the Kaplan Defendants filed the instant motion to renew the sealing of the subject documents. (Doc. 154). The court reviewed the documents *in camera*. (Doc. 157).

1

## II. ANALYSIS

Before the deadline expires, a party may move to extend a sealing period, provided the motion complies with Local Rule 1.09(b). Local Rule 1.09(c), M.D. Fla. Strict adherence to this court's procedure is necessary because "'[t]he common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process.'" *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (quoting *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001)). "The common law right of access may be overcome by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" *Romero*, 480 F.3d at 1246 (quoting *Chicago Tribune Co.*, 263 F.3d at 1309).

As a case shifts from the discovery period to the adjudication on the merits by way of summary judgment motions or trial, the court's balancing of a party's right to confidentiality of its records and the public's right of access also shifts. *See Alvey v. Gualtieri*, No. 8:15-cv-1861-T-33MAP, 2016 WL 4129273, at *2 (M.D. Fla. Aug. 3, 2016); *Diaz-Granados v. Wright Med. Tech., Inc.*, No. 6:14-cv-1953-Orl-28TBS, 2016 WL 1090060, at *3 (M.D. Fla. Mar. 21, 2016). This action is currently in the summary judgment stage of litigation. (Docs. 130, 134).

Good cause exists for the transcripts from Marvin Kaplan's trial testimony to remain under seal to continue the implementation of United States District Judge Elizabeth A. Kovachevich's order denying Regions Bank's motion to unseal those transcripts. *See Regions v. Kaplan, et al.*, No. 8:12-cv-1837-T-17MAP (Doc. 867). However, good cause does not exist for the remaining documents to remain under seal.

2

The remaining documents consist of either bank statements (Exhibits A-D, K, N, X-Z, AA, BB, CC, DD, EE, FF, HH), checkbook ledgers (Exhibits W, GG), Marvin Kaplan's IRA restructuring statements (Exhibits I, L, Q), corporate balance sheets (Exhibit JJ), operating agreements (Exhibits P, R, V), and 2012-13 tax returns for R1A Palms, LLC, Triple Net Exchange, LLC, and BNK Smith, LLC (Exhibits S-U, MM, NN, and OO). After reviewing the documents and the parties' briefing, the court concludes that unsealing is not unduly prejudicial to the Kaplan Defendants, and the public interest in maintaining a public docket far outweighs any privacy concerns. *See Aldora Aluminum & Glass Prod., Inc. v. Poma Glass & Specialty Windows, Inc.*, No. 3:14-CV-1402-J-34JBT, 2016 WL 7666128, at *2 (M.D. Fla. June 13, 2016) ("Defendant's blanket assertion that the filings contain confidential business and/or financial information does not show good cause for sealing the filings.").

The Kaplan Defendants may partially redact any financial account numbers in compliance with Rule 5.2(a) and the court's Administrative Procedures for Electronic Filing, but there is not good cause to shield from disclosure any other portions in the face of the presumptive right of public access.

## III. CONCLUSION

Accordingly, it is **ORDERED** that Kaplan Parties' Renewed Motion to Seal Confidential Documents (Doc. 145) is **GRANTED in part and DENIED in part**. The excerpts of transcripts from Marvin Kaplan's trial testimony shall remain under seal. Exhibits A-D, I, K, L, N, P-Z, AA-HH, JJ, MM-OO, filed in support of Regions Bank's Motion for Preliminary Injunction (Docs. 35, 36), shall be filed on the public docket.

**ORDERED** in Tampa, Florida on this 21st day of March, 2018.

_Amanda Arnold Sansone_
AMANDA ARNOLD SANSONE
United States Magistrate Judge